CARMEN FERNÁNDEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 1003.   Submitted November 1, 1937.—Decided November 24, 1937.

*Carlos J. Torres,* for appellant.   The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A registrar of property refused to cancel a notice of *lis pendens.* The request for cancellation was made more than four years after the filing of the notice.

Section 388 (*a*) of the Mortgage Law authorizes the cancellation of—

"entries of attachments, prohibition to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending." Special Session Laws 1923, p. 36; Act number 19, Third Special Session 1936, p. 148.

Among those who may request the entry of cautionary notices under subdivision one of Section 42 of the Mortgage Laws is—

"he who brings an action to recover the ownership of real property or the constitution, declaration, modification or extintion of any real right."

By the terms of Section 43—

"In the case of subdivision 1 of the preceding section, a cautionary notice can not be entered except under an order of the court made on motion of a legitimate party and by virtue of a document sufficient therefor in the discretion of the court."

The "attachments and prohibition to alienate" immediately preceding the word "suits" are, of course, authorized by an order of court and without such an order cannot be obtained. Immediately following the word "suit" come the words "and all *other entries made by virtue of judicial orders.*" Construing the word "suits"—or the more intelligible phrase of the Spanish text *"anotaciones de demanda"* —in the light of its context, the meaning must be limited, we think, to such cautionary notices of *lis pendens* as have been "made by virtue of judicial orders." No judicial order is required as a condition precedent to the filing of a notice of *lis pendens* under Section 91 of the Code of Civil Procedure. A cautionary notice once filed under that section, remains in force during the pendency of the action.

Our conclusion is that the registrars of property are not authorized by Section 388(*a*) of the Mortgage Law to cancel a notice of *lis pendens* after the expiration of four years from the date of the entry. Such a cancellation may be readily obtained, of course, whenever the suit is ended. Until then it must remain in force unless a cancellation thereof be ordered by the court.

The ruling appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this court.